SOKOL, BEHOT AND FIORENZO
433 Hackensack Avenue
Hackensack, New Jersey 07601
(201) 488-1300
Attorneys for Plaintiffs

| | |
|---|---|
| BODY CARE GROUP,<br><br>                        Plaintiff,<br>vs.<br><br>WAL-MART STORES<br><br>        Defendant-Counterclaimant | UNITED STATES DISTRICT COURT<br>DISTRICT OF NEW JERSEY<br>Civil Action No. 2:03cv03338<br><br>Civil Action<br><br>**ANSWER TO COUNTERCLAIM** |

      Body Care Group ("Body Care") says in answer to the Counterclaim of Defendant Wal-Mart Stores ("Wal-Mart") as follows:

### ANSWER TO FIRST COUNT

    1.    Plaintiff denies knowledge or information sufficient to form a belief as to the allegations contained in Count 1, paragraph 1 of the Counterclaim

    2.    Plaintiff admits the allegations contained in Count 1, paragraph 2 of the Counterclaim.

    3.    Plaintiff denies the allegations contained in Count 1, paragraph 3 of the Counterclaim

    4.    Plaintiff denies the allegations contained in Count 1, paragraph 4 of the Counterclaim.

    5.    Plaintiff denies the allegations contained in Count 1, paragraph 5 of the Counterclaim.

6.  Plaintiff denies the allegations contained in Count 1, paragraph 6 of the Counterclaim.

## ANSWER TO SECOND COUNT

1.  Plaintiff repeats and reiterates its responses to the allegations contained in the First Count of Defendant's Counterclaim as if set forth at length herein.

2.  Plaintiff denies the allegations contained in Count 2, paragraph 2 of the Counterclaim.

## ANSWER TO THIRD COUNT

1.  Plaintiff repeats and reiterates its responses to the allegations contained in the First and Second Counts of Defendant's Counterclaim as if set forth at length herein.

2.  Plaintiff denies the allegations contained in Count 3, paragraph 2 of the Counterclaim.

3.  Plaintiff denies the allegations contained in Count 3, paragraph 3 of the Counterclaim.

## ANSWER TO FOURTH COUNT

1.  Plaintiff repeats and reiterates its responses to the allegations contained in the First, Second and Third Counts of Defendant's Counterclaim as if set forth at length herein.

2.     Plaintiff denies the allegations contained in Count 4, paragraph 2 of the Counterclaim.

3.     Plaintiff denies the allegations contained in Count 4, paragraph 3 of the Counterclaim.

## SEPARATE DEFENSES

### FIRST SEPARATE DEFENSE

The Counterclaim fails to state a claim upon which relief can be granted.

### SECOND SEPARATE DEFENSE

The applicable law, rule, statute or regulation, including, but not limited to the Statute of Limitations, controlling or requiring the institution of suit within a certain period of time following its accrual, was not complied with by Counterclaimant, and, accordingly, Counterclaimant's claims are barred as a matter of law.

### THIRD SEPARATE DEFENSE

The Counterclaim is barred by the doctrine of laches.

### FOURTH SEPARATE DEFENSE

The Counterclaim is barred by the doctrine of waiver.

### FIFTH SEPARATE DEFENSE

The Counterclaim is barred by the doctrine of estoppel.

### SIXTH SEPARATE DEFENSE

The Counterclaim is barred by the doctrine of accord and satisfaction.

**SEVENTH SEPARATE DEFENSE**

Counterclaimant suffered no loss and therefore suffered no compensable damages.

**EIGHTH SEPARATE DEFENSE**

The Counterclaim is barred by the doctrine of payment.

**NINTH SEPARATE DEFENSE**

The Counterclaim is barred by the doctrine of release

**TENTH SEPARATE DEFENSE**

Counterclaimant failed to mitigate damages and/or any injuries that it allegedly sustained.

**ELEVENTH SEPARATE DEFENSE**

The Counterclaim is barred by the doctrines of failure of consideration, fraud and/or illegality.

**TWELFTH SEPARATE DEFENSE**

The Counterclaimant was in material breach of any contracts or agreements it had with Body Care and/or failed to satisfy conditions precedent.

**THIRTEENTH SEPARATE DEFENSE**

The Counterclaimant's alleged damages, injuries and/or losses were caused in whole or in part by acts, omissions, and conduct of others over whom Body Care had no control, including, but not limited to Wal-Mart Stores and/or its agents, and therefore, the amount of damages otherwise recoverable

by Counterclaimant against Body Care should be extinguished or reduced in comparative proportion to the culpable conduct of Counterclaimant, its agents, and/or any third parties.

### FOURTEENTH SEPARATE DEFENSE

The products supplied by Body Care to Counterclaimant were not defective or damaged.

### FIFTEENTH SEPARATE DEFENSE

Counterclaimant's claims are barred in whole or in part because its alleged damages are speculative.

### SIXTEENTH SEPARATE DEFENSE

Counterclaimant failed to notify Body Care Group about any alleged defective merchandise that Counterclaimant contends that Body Care Group provided.

### SEVENTEENTH SEPARATE DEFENSE

Body Care reserves the right to plead additional affirmative defenses as the facts of this matter become more fully developed through the discovery process.

**WHEREFORE**, Plaintiff Body Care Group, demands judgment against Defendant/Counterclaimant dismissing the Counterclaim with prejudice in its entirety, together with costs of suit and such other relief as the Court deems appropriate.

## CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 11.2

The undersigned does hereby certify that the matter in controversy is not the subject of any other action pending in any Court, or of a pending arbitration proceeding, nor is any other action or arbitration proceeding contemplated.

                                      **SOKOL, BEHOT AND FIORENZO**
                                      Attorneys for Plaintiff Body Care Group

                                    By: _____
                                           SCOTT H. GOLDSTEIN

Date: March 15, 2004

## CERTIFICATION OF SERVICE

The undersigned does further certify that the within Answer to Counterclaim was served within the time and manner prescribed by the Federal Rules of Civil Procedure.

                                      **SOKOL, BEHOT AND FIORENZO**
                                      Attorneys for Plaintiff Body Care Group

                                    By: _____
                                          SCOTT H. GOLDSTEIN

Date: March 15, 2004