UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
:
:
**BODY CARE GROUP** : Civil Action No.  03-3338(KSH)
:
**Plaintiff,** :
:
v. :
: **SECOND AMENDED**
: **SCHEDULING ORDER**
: **IN AN ARBITRATION CASE**
:
**WAL-MART STORES, INC.** :
:
**Defendant** :
_____:

**THIS MATTER** having come before the Court for a telephone status conference pursuant to Rule 16 of the Federal Rules of Civil Procedure on April 22, 2004; and for good cause shown,

**IT IS on this 22nd  day of April, 2004**,

**ORDERED THAT:**

### I.  ARBITRATION

1. This matter is subject/referred to arbitration pursuant to Local R. Civ. P. 201.1. Counsel will receive further instructions and guidelines regarding arbitration directly form the Clerk of the Court. Arbitration in this matter shall commence no sooner than **July 14, 2004.**

### II. DISCOVERY AND MOTION PRACTICE

2. Fed. R. Civ. P. 26 disclosures are to be exchanged on or before **completed**.

3. Discovery necessary to engage in meaningful settlement discussions:_____

Responses to interrogatories and document demands

_____ and will be produced by    **February 29, 2004** .

4. The parties may serve interrogatories limited to __–__ single questions including subparts and requests for production of documents on or before **completed**. The defendant shall produce all documents no later than **April 26, 2004.**

No later than **May 7, 2004**, the parties shall submit a consent confidentiality order to protect the contents of the internal copyrighted document described during the telephone conference. If the defendant persists in its position that the vendor agreement will be disclosed only under the terms of a confidentiality order, then the defendant shall submit the document and certification to the Court no later than **May7, 2004.**

5. The number of depositions to be taken by each side shall not exceed __10__. No objections to questions posed at depositions shall be made other than as to lack of foundation, form or privilege. See Fed. R. Civ. P. 32(d) (3) (A). No instruction not to answer shall be given unless a privilege is implicated. The depositions shall be completed no later than **July 14, 2004.**

6. Fact discovery is to remain open through **July 14, 2004.** No further extensions will be granted.

7. Counsel shall confer in a good faith attempt to informally resolve any discovery disputes before seeking the Court's intervention. Should such informal effort fail to resolve the dispute, the matter shall be brought to the Court's attention in the first instance by a brief letter outlining the dispute. The Court will thereafter schedule a telephonic discovery conference pursuant to Fed. R. Civ. P. 26(f) to resolve the dispute. See L. Civ. R. 16.1(f)(1). No discovery motion or motion for sanctions for failure to provide discovery shall be made before utilizing the procedures set forth in this paragraph without prior leave of Court.

Any unresolved discovery disputes must be brought before the Court no later than __June 3, 2004__ and the Court will not entertain applications concerning discovery matters, informally or otherwise, after this date.

8. Any motion to amend pleadings or join parties must be filed by __**March 19, 2004**__.

9. All dispositive motions shall be discussed in advance of filing with the undersigned either in person or by teleconference.

### III. EXPERTS

10. All affirmative expert reports shall be delivered by **June 15, 2004**. See Fed. R. Civ. P. 26(b)(4)(A).

11. All responding expert reports shall be delivered by **July 14, 2004**.

12. All expert reports are to be in the form and content as required by Fed. R. Civ. P. 26(a)(2)(B). No expert shall testify at trial as to any opinions or base those opinions on facts not substantially disclosed in the experts report.

2

## IV.  MISCELLANEOUS

13. The Court may from time to time schedule conferences as may be required, either <u>sua sponte</u> or at the request of a party.

14. Since all dates set forth herein are established with the assistance and knowledge of counsel, there will be no extensions except for good cause shown and by leave of Court, even with consent of all counsel.

15. A copy of every pleading, document or written communication with the Court shall be served on all other parties to the action.  Any such communication which does not recite or contain a certification of such service may be disregarded by the Court.

16. There shall be an in-person status conference before the undersigned on **June 4, 2004 at 11:00 a.m.**

17. There will be a settlement conference before the undersigned on **June 4, 2004 at 11:00 a.m.**  Five (5) business days before the conference, each party should submit a confidential memorandum to the Court, not to exceed 5 pages, summarizing the relevant facts, the respective legal positions, status of the case, and the client's position on settlement.  Trial Counsel and clients with full settlement authority must attend the conference.

18. **FAILURE TO COMPLY WITH THE TERMS OF THIS ORDER  MAY RESULT IN SANCTIONS.**

        S/Patty Shwartz
        **United States Magistrate Judge**